**IN THE UNITED STATES DISTRICT COURT**
**STATE OF COLORADO**
**DENVER DIVISION**

| | | |
|---|---|---|
| **ALLSTATE INSURANCE COMPANY** | § | |
| **AND ALLSTATE COUNTY MUTUAL** | § | |
| **INSURANCE COMPANY AS** | § | |
| **SUBROGEES OF LAF GROUP, INC.,** | § | |
| **and LAF GROUP, INC.** | § | |
| *Plaintiffs* | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. _____** |
| | § | **JURY DEMANDED** |
| **SUMMIT BODYWORKS, LLC** | § | |
| *Defendant* | § | |

## COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiffs, Allstate Insurance Company and Allstate County Mutual Insurance Company as subrogees of LAF Group, Inc. and LAF Group, Inc., and files this Complaint against Defendant, Summit Bodyworks, LLC, and would respectfully show the Court the following:

## PARTIES

1.     Plaintiff, Allstate Insurance Company ("AIC") is an insurance company authorized to conduct business in the State of Colorado, with its principal place of business located at 8700 Freeport Parkway, Irving, Texas 75063.

2.     Plaintiff, Allstate County Mutual Insurance Company ("ACMIC") is an insurance company authorized to conduct business in the State of Colorado, with its principal place of business located at 8700 Freeport Parkway, Irving, Texas 75063.

3.      Plaintiff, LAF Group, Inc. ("LAF") is a Texas corporation with its principal place of business located at 3010 Jacob Drive, Wylie, Texas 75098, and at all times herein, the owner of a 2018 Freightliner M2 106 bearing VIN # 2ALACWFC4JDJL1106 ("Subject Vehicle").

4.      Defendant, Summit Bodyworks, LLC ("Summit") is a corporation that is incorporated under the laws of the State of Colorado.

5.      Defendant has its principal place of business in the State of Colorado.  Defendant may be served with process by serving its registered agent, **George Eidsness, 20770 I-76, Brighton, CO 80603.**  *Issuance of summons is requested at this time.*

## JURISDICTION AND VENUE

6.      The Court has jurisdiction over the lawsuit under 28 U.S.C. §1332(a)(1) because Plaintiffs and Defendants are citizens of different U.S. states, and the amount in controversy exceeds $75,000, excluding interest and costs.

7.      Venue is proper in this district under 28 U.S.C. §1391(b)(1) because Defendant is a resident of this district.

## FACTS

8.      On or about July 22, 2020, Miguel Richards (owner of LAF Group, Inc.) was operating his 2018 Freightliner M2 106 bearing VIN # 2ALACWFC4JDJL1106 ("Subject Vehicle") when he arrived at Tri-Color, Inc. on Northwest Garland Road in Garland, Texas and shut down the Subject Vehicle.

9.      Mr. Richards started the generator and switched on the air conditioner for the cargo area, at which time he heard the main switch for the generator click, and then he exited the Subject Vehicle.

10.     Within several minutes, Mr. Richards entered the cargo area with a customer and observed smoke inside the compartment.

11.     Mr. Richards directed the customer to exit the Subject Vehicle and moved the Subject Vehicle away from Tri-Color's building and proceeded to called 911.

12.     The Dallas Fire Department arrived thereafter and extinguished the fire.

13.     An investigation into the cause determined the fire originated due to an electrical failure within an enclosed compartment on the front passenger side of the cargo area where the shore power, generator switches and main breakers were installed.

14.     The relevant components and materials were installed by Defendant during the original construction of the Subject Vehicle, and prior to LAF taking ownership of the Subject Vehicle.

15.     As a result of the fire, the Subject Vehicle was deemed a total loss along with personal property, including but not limited to tools, inventory, and computer equipment.

16.     Following this loss, Richards filed insurance claims with his automobile and business insurance companies, Allstate Insurance Company and Allstate County Mutual Insurance Company (collectively "Allstate").

17.     Pursuant to the terms of the policies issued to LAF Group, Inc., Allstate issued payment for the covered damages sustained as a result of this loss.

18.     Having made payments to, or on behalf of its insured, Allstate stands in the shoes of its insured and asserts its subrogation rights in this lawsuit.

19.     Specifically, Allstate seeks reimbursement for the money it paid to, or on behalf of, LAF Group for the damage to the Subject Vehicle and loss of LAF's business income.

20.     Further, LAF Group was not compensated by Allstate for all its damages incurred as a result of this fire.

21.     LAF Group seeks recovery for its uninsured damages.

22.     The causes of action set out herein are not barred by limitations because the discovery rule applies to Plaintiffs' claims.

23.     Specifically, Defendant's wrongful acts were inherently undiscoverable at the time they occurred and were not discovered until after the fire and the resulting damages occurred on July 22, 2020, despite the exercise of reasonable diligence.

24.     By their nature, Defendant's wrongful acts and the resulting damages can be objectively verified.

## CAUSES OF ACTION

*Negligence*

25.     For its first cause of action against Defendant, Plaintiff re-pleads, re-states and re-alleges the previous paragraphs above as if set forth fully herein and would show the Court as follows:

26.     Defendant's conduct as described herein, constituted negligence as that term is understood in law, and such conduct was the proximate cause of the occurrence made the basis of the suit.

27.     Defendant was negligent in manufacturing the Subject Vehicle and/or its internal component part(s) in the following manner:

> a.      Supplying the Subject Vehicle and/or its internal component part(s) that it knew of should have known subjected Plaintiff and/or LAF Group to unreasonable risk of harm;
>
> b.      Supplying the Subject Vehicle and/or its internal component part(s) that was in a defective and unreasonably dangerous condition and which could not be used without unreasonable risk of harm to Plaintiff and/or LAF Group;
>
> c.      Failing to adequately, properly and/or safely inspect the Subject Vehicle and/or its internal component part(s), and make the necessary corrections and adjustments, which inspections or tests would have revealed the existence of dangerous conditions;

d.      Failing to manufacture, construct, assemble and/or fabricate the Subject Vehicle and/or its internal component part(s) in a good and workmanlike manner;

e.      Failing to manufacture, construct, assemble and/or fabricate the Subject Vehicle and/or its internal component part(s) properly, safely and correctly;

f.      Failing to provide, establish and/or follow proper and adequate controls and/or procedures so as to ensure the safety and integrity of the Subject Vehicle and/or its internal component part(s);

g.      Choosing, selecting, specifying and incorporating into the finished final product (the Subject Vehicle and/or its internal component part(s)), that was/were inadequate, unsafe or otherwise improper for the application such that an unreasonable risk of harm was created;

h.      Failing to adequately and properly warn of risks and dangers of which it knew or reasonably should have known; and

i.      Otherwise failing to use due care and caution under the circumstances.

28.    Defendant was negligent by and through its representative agents, servants, employees, and/or contractors or suppliers acting in the course and scope of its respective employments, individually and/or collectively.

29.    Each and all of the foregoing acts and omissions, whether taken singly or in combination, was a proximate cause of Plaintiff's damages.

*Breach of Implied Warranty of Merchantability*

30.    For its second cause of action against Defendant, Plaintiff re-pleads, re-states and re-alleges the previous paragraphs above as if set forth fully herein and would show the Court as follows:

31.    Defendant, upon information and belief, sold the Subject Vehicle.

32.    The goods were unmerchantable when Defendant tendered them because Defendant placed the Subject Vehicle and/or its internal component part(s) into the stream of commerce when, in fact, Subject Vehicle and/or its internal component part(s) were not

merchantable and were not fit for the purposes for which they were intended, as a custom tool truck.

33.    The Subject Vehicle and/or its internal component part(s) were being used in a manner in which they were intended, and which was reasonably foreseeable.

34.    Such condition was a breach of these implied warranties and was a proximate cause of the fire loss made the basis of this lawsuit, and the damages asserted herein.

35.    Defendant's breach of warranty directly and proximately caused the injury to Plaintiffs which resulted in loss of the fair market value of the Subject Vehicle, loss of business income, loss of personal property, and other damages stemming from the incident made the basis of this lawsuit.

36.    Plaintiff seeks damages within the jurisdictional limits of this Court.

_Strict Product Liability – Manufacturing Defect_

37.    For its third cause of action against Defendant, Plaintiff re-pleads, re-states and re-alleges the previous paragraphs above as if set forth fully herein and would show the Court as follows:

38.    Plaintiffs would show that Defendant is liable under the theory of strict tort liability as set forth in Section 402a of the RESTATEMENT (SECOND) OF TORTS.

39.    Defendant was at all times material hereto engaged in the business of manufacturing of truck and van bodies, including the design and installation of customized component fabrication.

40.    The Subject Vehicle and/or its internal component part(s) that caused the underlying damages made the basis of this lawsuit was defectively manufactured in that it deviated in its construction or quality from its specifications or planned output in a manner that rendered it unreasonably dangerous.

41.     This defect existed at the time the Subject Vehicle and/or its internal component part(s) left Defendant's possession, custody, and control.

42.     This defect was not reasonably discoverable by Plaintiffs, nor did Plaintiffs have any reason to know, that the defect existed prior to the fire.

43.     The Subject Vehicle and/or its internal component part(s) reached the end user without substantial change in its condition from the time it was originally placed into the stream of commerce.

44.     The defect rendered the Subject Vehicle and/or its internal component part(s) unreasonably dangerous and was a producing cause of the damages sustained by Plaintiff and/or LAF Group.

45.     For these reasons, Defendant is strictly liable to Plaintiff under applicable products liability law without regard to, or proof of, negligence or gross negligence.

*Malfunction Theory*

46.     Plaintiff gives notice that it may rely on the evidentiary doctrine sometimes known as the "malfunction theory" in proving its case of liability against Defendant.

47.     Evidence of malfunction can provide circumstantial evidence of a manufacturing defect.

48.     The Subject Vehicle and/or its internal component part(s) malfunctioned, and evidence of the defect exists in the form of the damaged Subject Vehicle.

49.     Plaintiff would show this Court that the Subject Vehicle and/or its internal component part(s) deviated, in its/their construction and quality, from the specifications or planned output of the Defendant, and that the Subject Vehicle was rendered unreasonably dangerous thereby.

50.     Plaintiff would further show the Subject Vehicle was, at all material times hereto, being used in a manner in which it was reasonably intended and/or reasonably foreseeable, that the Subject Vehicle and/or its internal component part(s) had not been altered or modified since leaving hands of Defendant, and that the Subject Vehicle and/or its internal component part(s) malfunctioned.

51.     Plaintiff will further show that all other reasonably possible causes of this fire have been ruled out.

## CONDITIONS PRECEDENT

52.     All conditions precedent have been performed or have occurred.

53.     Prior to filing this lawsuit, Plaintiff presented its claim to Defendant, but Defendant refused to honor its obligations and denied the claim.

## DAMAGES

54.     As a direct and proximate result of Defendant's conduct, Plaintiffs suffered the following damages:

      a.     Property damage to LAF Group's 2018 Freightliner M2 106;

      b.     Lost earnings and profits;

      c.     Loss of inventory, cargo, and personal property;

      d.     Loss of use; and

      e.     Costs of mitigation.

55.     Plaintiffs collective damages to date are in excess of $320,000.00.

56.     Any limitation on remedies provided by Defendant has failed of its essential purpose.

## PRAYER

For these reasons, Plaintiffs ask for judgment against Defendant for the following:

(1) Actual damages in excess of  $320,000.00;

(2) Prejudgment and post-judgment interest;

(3) Costs of suit; and

(4) All other relief the Court deems appropriate.

Respectfully submitted,

DOYEN SEBESTA POELMA, LLLP

By:     */s/ Randall J. Poelma, Jr.*
        Randall J. Poelma, Jr.
        CO Federal No. TX24047823
        rpoelma@ds-lawyers.com
        16945 Northchase Drive, Suite 1400
        Houston, TX 77060
        713-580-8900 Main
        713-580-8900 Facsimile
        E-service:  rjpgroup@ds-lawyers.com
        ATTORNEY FOR PLAINTIFFS